IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA )
ex rel. ARTURO SIMON #R44685, )
                               )
         Petitioner, )
                               )
   v. )        No.  11 C 6795
                               )
DAVE REDNOUR, )
                               )
         Respondent. )

MEMORANDUM OPINION AND ORDER

Arthur Simon ("Simon") has tendered a 28 U.S.C. §2254[1] Petition for Writ of Habeas Corpus ("Petition"), challenging his June 16, 2005 conviction on charges of first-degree murder and attempt first-degree murder, on which he is currently serving a 55-year-aggregate custodial sentence. Although Simon has not provided all of the factual information needed to determine whether the Petition comes within the one-year limitation period established by Section 2244(d)(1), it appears likely that his filing is timely in those terms, so that this opinion will turn directly to the substance of Simon's contentions.

First, however, there is the matter of two documents that have accompanied the Petition: Simon's In Forma Pauperis Application ("Application") and his Motion for Appointment of Counsel ("Motion"), both submitted on Clerk's-Office-supplied forms. As for in forma pauperis status, Simon is obviously

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

unaware that the fee for a Section 2254 petition is the modest sum of $5 rather than a full filing fee, so that he can certainly handle such a payment. Hence the Application is denied, and Simon is ordered to pay the $5 filing fee forthwith. As for the Motion, the further rulings in this memorandum opinion and order render it moot.

Here are Simon's summaries of the first two grounds for relief advanced in the Petition:

> GROUND ONE: Trial Court violated Petitioner's right to a fair and impartial Jury Trial by giving improper jury instructions regarding the elements of First-degree murder.

> GROUND TWO: the prosecutor's summation argument in trial misstated the "LAW" denying Petitioner his right to a fair and impartial jury trial.

Each of those summary statements concludes with this sentence:

> This violated Petitioner's right to a fair trial, and to Due Process of Law, as guaranteed by Amendments Six and Fourteen to the U.S. Constitution.

Both of those grounds had earlier been advanced in Simon's direct appeal in the state court system, and they and were dealt with in part of the Illinois Appellate Court's unpublished September 14, 2007 order in Case No. 1-05-2562 that affirmed his conviction and sentence. That thoughtful and comprehensive opinion makes it exceedingly clear that those grounds were asserted as violations of state law (not federal constitutional violations), and they were accordingly treated by the Appellate Court on the same terms. That being so, Simon flunks the

requirement of Section 2254(d)(1) that "the adjudication of the claim" must have "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[2]

That leaves for consideration Simon's other two asserted grounds, which he has summarized in this fashion:

> GROUND THREE: Petitioner's counsel was ineffective in failing to conduct a reasonable pre-trial investigation. Trial counsel failed to move the court to supress [sic] a signed confession obtained through force and threats.
>
> GROUND FOUR: Petitioner was denied his 5th, 6th and 14th Amendment rights under the U.S. Constitution to testify on his own behalf which is a fundamental constitutional right.

Those grounds were dealt with as part of the Illinois Appellate Court's equally thoughtful and comprehensive September 3, 2010 unpublished order in its Case No. 1-09-0205, in which it affirmed the dismissal of Simon's state court post-conviction petition.

At the outset of its legal analysis in that case, the Appellate Court identified an independent and adequate state ground for rejection of that post-conviction petition: Simon's acknowledged failure to comply with the statutory mandate (725 ILCS 5/122-2) that requires factual support for all claims in the

---

[2] Because of the nature of those two grounds, the alternative set out in Section 2254(d)(2)--"an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"--plays no part in the analysis.

3

form of attached "affidavits, records, or other evidence" to support the allegations.  To be sure, the Appellate Court then went on to look at the merits of Simon's contentions--but that was clearly done as an alternative basis for rejection, so that the seminal decision in Coleman v. Thompson, 501 U.S. 722 (1991) and its progeny teach that Simon must meet the demands of the cause-and-prejudice doctrine.

Here too Simon plainly fails, because the Appellate Court's analysis of his claims in substantive terms demonstrates beyond cavil that he suffered no prejudice from the matters about which he now complains.  It is therefore unnecessary to explore Simon's ability or inability to satisfy the other branch of the cause-and-prejudice inquiry.

## Conclusion

Simon has struck out in every respect.  This Court's preliminary review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts has clearly revealed "that the petitioner is not entitled to relief in the district court" (id.), so that "the judge must dismiss the petition and direct the clerk to notify the petitioner."  This Court so orders--both the Petition and this action are dismissed with prejudice.[3]

---

[3] As stated earlier, with the Application having been denied, Simon must cause the trust fund officer at Menard Correctional Center, where he is now confined, to remit the $5

4

```
                              _____
                              Milton I. Shadur
                              Senior United States District Judge

Date:  October 6, 2011
```

---

filing fee promptly, together with a reference to this case's caption and case number, to the "Clerk of Court" at this address:

       219 South Dearborn Street
       Chicago IL 60604
       Attention:  Fiscal Department

And as also stated earlier, the Motion is denied as moot.